JUSTICE RICE
dissenting.
¶17 I respectfully dissent from the portion of Court’s order granting the petition, and concur in the remainder.
¶18 By holding that the Parole Board member who is knowledgeable in Native American culture is required to sit on all Native American parole applications, the Court is yielding to the temptation to legislate an amendment to § 2-15-2302, MCA. While the concept may be meritorious, it is clearly not required by the plain meaning of the statute.
¶19 The Court’s statement that “[w]e can only conclude that when the legislature provided for auxiliary board members, it failed to specify that the member with knowledge of Native American affairs participate in parole decisions involving Native American applicants,” is flawed for two reasons. First, the Legislature did not overlook or “fail to specify” this requirement when it added auxiliary members, because there was no such requirement under the former law. Like the current statute, the earlier version simply did not mandate that the Native American-knowledgeable member sit on all Native American applications. Further, § 2-15-124(8), MCA, authorized the Board, as a *119 quasi-judicial body, to make decisions by any two of its members. Board decisions have thus been rendered by any two of its members under the former and current versions of the statute, without any legislative intervention to change that practice. The Court’s decision herein will now restrict the general application of § 2-15-124(8), MCA, to the Board.
¶20 Secondly, even if the Legislature had erroneously “failed to specify” this requirement when it amended the law, it is not the province of this Court to fix the error. “[T]o the extent that there is an error and to the extent that the statute does not accurately reflect the Legislature’s clearly expressed intention, it is appropriate that the Legislature correct the problem, not the courts.” State v. Goebel, 2001 MT 73, ¶23, 305 Mont. 53, 61.
¶21 The Court states that “[w]e can think of no other plausible reason for that Board member to have knowledge of Native American affairs other than for that Board member to hear and act on the applications of Native Americans...” The error here is that the Court need not determine a plausible reason for the Legislature’s action in order to enforce the statute’s plain meaning. When the language of the statute is clear, the Court need not consider the history or purpose of the provision:
The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute be so determined, the courts may not go further and apply any other means of interpretation. Where...the language of the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe...There is simply no reason for the use of legislative history to construe a statute where the language is clear and unambiguous on its face.
Goebel, supra, at 59, citing State v. Hubbard (1982), 200 Mont. 106, 649 P.2d 1331. A reading of the statute at issue here reveals clearly that ' the Legislature did not require the Native American-knowledgeable member to sit on all Native American parole applications. There is no need, then, to render an interpretation of the statute based upon its plausible rationale or history.
¶22 The Court has improperly extrapolated the composition of a public body into a limitation on its authorization to act. Montana has numerous boards and commissions whose unique compositions are established by statute. Section 2-15-1505, MCA, requires one member of the Board of Regents to be a university student, but does not require that the student member participate in all matters before the Board generated by students. Section 2-15-1841, MCA, provides that the Board of Medical Examiners is composed of representatives of specific medical professions, but does not require the member which represents the same profession as the party before the board to participate in that decision. The Transportation Commission is composed of members from various districts of the state, and at least one member “must have specific knowledge of Indian culture and tribal transportation needs.” Section 2-15-2502, MCA. Again, the statute does not require the Native American-knowledgeable member of the Transportation Commission to participate in decisions that involve Native Americans or the tribes. *120 Other such examples abound.
¶23 In contrast, when the Legislature wants a board’s particular composition to constrain that board’s decision making process, it makes specific provision to do so. See § 2-15-1705, MCA (requiring that a substitute member with identical qualifications sit for an absent member on the Board of Personnel Appeals).
¶24 The idea behind the Court’s action today is, without a doubt, appealing. However, I believe it imprudent to entertain interpretations which overreach the plain meaning of the statute. I would deny the petition.
CHIEF JUSTICE GRAY joins in the dissent of Justice Rice.